[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By an amended complaint, dated April 11, 1991, the plaintiffs seek a permanent injunction against the defendant, Raymond Plunske. In addition to requesting the court to permanently enjoin the defendant from violating certain sections of the Zoning Regulations of the Town of Redding, the plaintiffs seek, by way of civil penalties, the sum of $2,500, attorney's fees, and a fine of $100 per day for defendant's violation of the zoning regulations from September 1, 1989 to August 12, 1991.
This matter was tried before the court over a number of days and was compelled at times to listen to many bizarre arguments by defendant's counsel as to the violation of the defendant's constitutional rights and the town's failure to enforce the law against many of its other citizens. The facts belie these arguments, and the court rejects the suggestion that Mr. Plunske was singled out for punishment or created, as his attorney states in her post trial memorandum, "a theater of cruelty." There is not one scintilla of evidence that the town set out to punish Mr. Plunske.
The court can and does reasonably find the facts to be as follows:
1. A cease and desist order was issued to defendant on March 31, 1988.
2. The zoning regulations prohibits the maintenance of junk yards, the exterior storage of junk, and further requires premises to be maintained in an orderly fashion. (Sections 3.4 and 5.3.9(a).)
3. Mr. Plunske violated the Regulations of the Town of Redding by his continuous storage and accumulation of junk, accumulated waste, trash and abandoned personal property.
4. Mr. Plunske was made aware of the many violations at numerous meetings which he attended and by written inventory.
5. His violations of the regulations were wilful.
6. The town acted with extreme patience and attempted to cooperate with Mr. Plunske, all to no avail, for a long period of time. Finally, because Mr. Plunske failed to respond to any appreciable degree, the town was compelled to institute legal action. CT Page 8988
7. A temporary injunction was issued by Judge Sullivan on April 16, 1991.
8. Mr. Plunske was in violation of the Zoning Regulations of the Town of Redding from March 31, 1988 to August 12, 1991, a total of 1,230 days. Of this total, the court finds that the defendant was in wilful violation for 710 days, i.e., September 1, 1989 (the date given to remove the violations) to August 12, 1991.
9. The actions of the defendant were wilful and done in total disregard of the town's orders.
Based on the above findings, the court, acting under the authority given it by Connecticut General Statutes, Sec. 8-12, finds that the defendant wilfully violated the Regulations of the Town of Redding, and further finds no merit to the numerous special defenses filed by the defendant.
Accordingly, the court orders as follows:
Mr. Raymond Plunske, his agents and/or employees, are commanded and enjoined permanently from violating the Zoning Regulations of the Town of Redding and Connecticut General Statutes in the following respects:
A. To maintain his premises located at 14 Iris Lane, West Redding, Connecticut, in a manner which is not in violation of Secs. 3.4, 5.3.9(d), 5.6.2, 5.6.4, and 8.1.113 of the Zoning Regulations of the Town of Redding.
B. To refrain from storing or depositing on the exterior portions of his property any and all discarded non-biodegradable waste occupying an aggregate land area of 25 square feet or greater (i.e. junk), unenclosed trash and garbage, animal waste, scrap metal, scrap lumber and inoperable equipment (id., Secs. 5.3.9(d) and 8.1.113).
C. To refrain from using any outdoor space, in excess of 75 square feet of area, for the accumulation or storage of waste or of discarded or used material of any kind, including unregistered and/or inoperative motor vehicles (i.e. junkyard) (id., Secs. 3.4 and 8.1.113).
D. To refrain from maintaining the exterior portions of his CT Page 8989 property, where visible from adjacent street and lot lines, in other than an orderly, well planted and naturally vegetated condition, free from trash, junk and derelict or abandoned personal property (id., Sec. 5.3.9(a)).
E. To refrain from parking his vehicles off-site or at a location other than on his lot (id., Secs. 5.6.2 and 5.6.4).
F. To maintain the building and grounds so as to prevent future violations of the Zoning Regulations of the Town of Redding.
Further, for the continued wilful violation of regulations for a total of 710 days, the court awards $10 a day for each day of said wilful violations for a total award of $7,100.
The court further awards to the plaintiff the sum of $18,500 for attorney's fees and costs.
The court declines to award a civil penalty.
Mihalakos, J.